UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

| | |
|---|---|
| ALEXANDER GOMEZ | Case No. 19-CV-5627(ER) |
| Plaintiff, | **ANSWER, AFFIRMATIVE DEFENSES AND CROSS-CLAIMS** |
| –against– | |
| SWEETCHI LLC and 201 EAST 10TH STREET LLC | |
| Defendants | |

-----------------------------------------------------------------x

PLEASE TAKE NOTICE that Defendant 201 EAST 10TH STREET LLC (hereinafter "Defendant") appears in this proceeding by the undersigned attorneys and demand that all papers be served on the attorneys at the address listed below.

PLEASE TAKE FURTHER NOTICE that Defendant, by its attorneys, ROSE & ROSE, hereby answers the Complaint as follows:

1.   With respect to paragraph 1, admits that this Court has subject matter jurisdiction as Plaintiff's complaint purports to be an action pursuant to the statute specified therein, but denies the rest and remainder of paragraph 1, including but not limited to the allegation that Defendant violated Title III of the ADA.

2.   Denies the allegations set forth in paragraph 2.

3.   Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3, and therefore denies the same.

4.   With respect to paragraph 4, admits that Defendant is a limited liability company duly organized authorized to do business in the State of New York, but denies the rest and

remainder of paragraph 4.

5. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 5, and therefore denies the same.

6. .Denies the allegations set forth in paragraph 6.

7. Denies the allegations set forth in paragraph 7. Defendant lacks knowledge or information to form a belief as the truth or falsity of the allegations contained in paragraph 7 and therefore denies the same, except admits that venue is properly placed in this Court.

8. With respect to paragraph 8, admits that venue is properly placed in this Court, but denies the rest and remainder of paragraph 8.

9. Denies the allegations set forth in paragraph 9.

10. Denies the allegations set forth in paragraph 10.

11. Denies the allegations set forth in paragraph 11.

12. Denies the allegations set forth in paragraph 12.

13. Denies the allegation set forth in paragraph 13.

14. Denies the allegations set forth in paragraph 14.

15. Denies the allegations set forth in paragraph 15, and Defendant denies the Plaintiff is entitled to the relief requested.

16. Denies the allegations set forth in paragraph 16, and Defendant denies the Plaintiff is entitled to the relief requested.

17. Paragraph 17 of the complaint contains legal assertions or conclusions to which no responsive pleading is required. Except as expressly admitted herein, Defendant denies the rest and remainder of paragraph 17.

**AFFIRMATIVE DEFENSES**

Defendant alleges the following affirmative defenses to the Complaint. In asserting these affirmative defenses, Defendant does not assume the burden to establish any fact or proposition where that burden is properly imposed on Plaintiff.

**FIRST AFFIRMATIVE DEFENSE**

18. The complaint fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

19. The complaint fails to allege the time or place as to any of the material elements of his claims, in violation of FRCP section 9(f).

**THIRD AFFIRMATIVE DEFENSE**

20. Plaintiff lacks standing to maintain the claims asserted in the Complaint.

**FOURTH AFFIRMATIVE DEFENSE**

21. Defendant is an out–of-possession landlord, and has undertaken no remodeling, repairs, and/or alterations of the premises during the relevant time period.

**FIFTH AFFIRMATIVE DEFENSE**

22. On information and belief, prior to the commencement of this action, Plaintiff never has been or has attempted to enter the property at issue.

23. Plaintiff's claims are barred by the doctrine of after-acquired evidence.

**SIXTH AFFIRMATIVE DEFENSE**

24. Plaintiff failed to mitigate any damages claimed

**SEVENTH AFFIRMATIVE DEFENSE**

25. The answering Defendant is not in custody or control of areas to which Plaintiff purportedly

seeks alterations or modifications.

26. Plaintiff has not sought access to any of the facilities of Defendant herein, which in any event are not open to the public and Defendant herein does not offer any goods or services to the public.

**EIGHTH AFFIRMATIVE DEFENSE**

27. Plaintiff is not subject to discrimination on the basis of disability in violation of the Americans with Disability Act nor does he have reasonable grounds for believing that he is about to be subjected to discrimination and thus is not entitled to any remedy under the statute.

**NINTH AFFIRMATIVE DEFENSE**

28. Defendant herein has not discriminated against Plaintiff on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation, nor has it failed to make reasonable modifications in policies, practices or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities.

**TENTH AFFIRMATIVE DEFENSE**

29. The complaint fails to show that Plaintiff was irreparably harmed, and Plaintiff therefore is not entitled to injunctive relief.

**RESERVATION OF DEFENSES**

Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated defenses available. Defendant reserves the right

to assert additional defenses that are revealed by further investigation or by discovery.

**FIRST CROSS-CLAIM AGAINST CODEFENDANT SUED HEREIN AS "SWEETCHI LLC" ("Tenant Defendant").**

30. Defendant leased commercial space to the Tenant Defendant", pursuant to a written lease agreement. (the "lease")

31. The lease requires that the Tenant Defendant therein fully comply with all laws and regulations applicable to the premises, and indemnify and hold Defendant harmless with respect to any action such as the instant action. .

32. Therefore, Tenant Defendant is liable to Defendant herein and is contractually obligated to indemnify Defendant herein for any amounts recovered by the Plaintiff, including any costs, attorneys fees and disbursements as may be incurred by Defendant herein in the defense of this action.

33. Defendant herein is entitled to indemnity and contribution from Tenant Defendant, to have judgment over and against it for any judgment, losses, expenses and damages that may be recovered by Plaintiff against Defendant herein.

34. Additionally, as a result of Tenant Defendant's obligations pursuant to the lease, Defendant herein was required to engage counsel to defend itself in this action and is entitled to a judgment against Tenant Defendant in any amount to be determined at trial for the cost and expense incurred in connection with the defense of this action.

**SECOND CROSS-CLAIM AGAINST TENANT DEFENDANT**

35. The allegations upon which the complaint is grounded are based upon the codefendant's use and occupancy of the demised premises and its operation of a business thereat. Accordingly, Codefendant is obligated o defend, hold harmless, provide insurance coverage for and/or

indemnify Defendant herein as a matter of law.

WHEREFORE, Defendant demands judgment against Plaintiff dismissing the action, and judgment on its cross-claims against the codefendant, and for the costs, disbursements and fees incurred in defending this action.

Dated: New York, New York
       July 25, 2019

_____
Dean Dreiblatt (DMD 2818)
Yours, etc.,

ROSE & ROSE
Attorneys for 201 East 10th Street LLC
291 Broadway, 13th floor
New York, New York 10007
(212)349-3366